UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|   |   |   |
|---|---|---|
| ROBERT W. KOHLER, | : | CASE NO. 15-CV-01615 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
|   | : | [Resolving Doc. No. 10] |
| DEPARTMENT OF THE ARMY BOARD FOR CORRECTION OF MILITARY RECORDS, | : | |
| Defendant, | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Robert Kohler is a U.S. Army Veteran. From 1965 to 1968, he served as a soldier in Vietnam.[1] Defendant Patrick J. Murphy is Acting Secretary of the Department of the Army.

Plaintiff applied to the Army Board for Correction of Military Records (ABCMR) to include a Purple Heart award.[2] The ABCMR denied Plaintiff's application and subsequent appeal.[3] Plaintiff filed this case on August 13, 2015, asking this Court to award him the Purple Heart and Vietnam Wound Medal.[4] Defendant now moves to dismiss, stating that the application is untimely.[5] Defendant alternatively argues that it is entitled to summary judgment on the merits.[6]

For the following reasons, the Court **GRANTS** Defendant's motion to dismiss. Because the Court concludes that Plaintiff's filing is long past the statute of limitations, the Court does not reach the merits of Defendant's motion for summary judgment.

---

[1] AR. 003.
[2] *Id.* at 3-9, 56-60.
[3] *Id.*
[4] Doc. 1.
[5] Doc. 10-1. After this Court ordered that plaintiff file an opposition within 40 days, Plaintiff submitted an opposition. Doc. 15.
[6] Doc. 10-1.

Case No. 15-CV-1615
Gwin, J.

# I. Background

On July 8, 1965, Plaintiff enlisted in the United States Army for four years.[7] While in Vietnam, Plaintiff served as a pay clerk, in a security unit, and as a part of the 199th Light Infantry Brigade.[8] There is evidence that Plaintiff had hearing problems prior to and during his service.[9]

On June, 17 1968, Plaintiff was medically examined and qualified for military separation.[10] The Army discharged Plaintiff to Standby Reserve on July 5, 1968.[11] Neither Plaintiff's Report of Separation nor his Enlisted Qualification Record indicates that the Purple Heart was authorized at the time of discharge.[12] Furthermore, the "Wounds" section of Plaintiff's Employment Qualification Record is blank.[13] Plaintiff signed both of these documents prior to his discharge.[14]

The Department of Veterans (VA) provided Plaintiff with medical treatment for hearing loss, right ankle fracture, and a right shoulder wound.[15] However, Plaintiff was denied disability compensation because his injuries were determined to be less than ten-percent disabling.[16] In October 1968 and July 1969, Plaintiff requested a Purple Heart award for the right shoulder wound.[17] The Army Reserve Personnel Center (ARPC) denied both requests.[18] Between 1980 and 1988, Plaintiff unsuccessfully applied for various other awards.[19]

---

[7] AR. 355.
[8] *Id.* at 511.
[9] *Id.* at 308, 310, 316-320.
[10] *Id.* at 463.
[11] *Id.* at 444.
[12] *Id.* at 444, 510-12.
[13] *Id.* at 512.
[14] *Id* at 444, 510-12.
[15] *Id.* at 382.
[16] *Id.*
[17] *Id.* at 65, 435,438.
[18] *Id.* at 430.
[19] *Id.* at 209, 214, and 339.

Case No. 15-CV-1615
Gwin, J.

On November 21, 1989, Plaintiff filed the application at issue with the ABCMR, claiming that he was entitled to a Purple Heart award for hearing loss.[20] Plaintiff alleges that service in Vietnam exposed him to various loud sounds that damaged his ears.[21]

On July 17, 1992, the ABCMR notified Plaintiff of the denial of his Purple Heart application.[22] In order to qualify for a Purple Heart, an applicant must sustain a wound as a result of hostile action.[23] The ABCMR denied Plaintiff's application because of the absence of corroborating records and the lack of evidence proving that enemy action damaged his ears.[24] Also, the ABCMR determined that the statute of limitations for this request began when Plaintiff was reasonably on notice of not receiving a Purple Heart. The ABCMR determined that Plaintiff was reasonably on notice upon his discharge in 1968 and the statute of limitations thereby expired in 1971.[25]

Nearly six years later, on June 8, 1998, Plaintiff requested reconsideration of the ABCMR's decision.[26] The ABCMR denied Plaintiff's request on June 29, 1999.[27]

Nearly twelve years after that, on May 9 and May 26, 2011, Plaintiff submitted additional requests for reconsideration of the ABCMR's 1992 and 1999 decisions.[28] On November 21, 2011, the ABCMR notified Plaintiff that he was not eligible for further reconsideration because his application had already been reconsidered.[29]

---

[20] *Id.* at 64, 185.
[21] Doc. 1 at 4-8.
[22] AR. at 63.
[23] *Id.* at 65.
[24] *Id.* at 65-67.
[25] *Id.* at 67.
[26] *Id.* 59-60.
[27] *Id.* at 54
[28] *Id.* at 19.
[29] *Id.* at 1.

-3-

Case No. 15-CV-1615
Gwin, J.

On August 13, 2015, Plaintiff filed this action appealing the Army's decision not to award him the Purple Heart.[30] Defendants move to dismiss for untimeliness and alternatively moves for summary judgment.[31]

## II. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is properly granted if, assuming the truth of all Plaintiff's allegations, Plaintiff fails as a matter of law, to state a claim upon which relief may be granted.[32] Generally, the statute of limitations is an affirmative defense, and a plaintiff need not plead the *lack* of an affirmative defense to state a valid claim. However, "sometimes the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case . . . dismissing the claim under Rule 12(b)(6) is appropriate."[33]

The Administrative Procedures Act (APA) provides for judicial review of "final agency action."[34] Pursuant to 28 U.S.C. § 2401(a), such appeals must be commenced within six years after the right of action first accrues.[35] In cases seeking review of a military administrative decision, the right of action first accrues on the date of the correction board's decision or administrative decision being appealed.[36] However, the six-year statute of limitations is tolled during the pendency of any legitimate effort to exhaust administrative remedies.[37]

---

[30] Doc. 1.
[31] Doc. 10-1.
[32] Fed. R. Civ. P. 12(b)(6); *Lawrence v. Chancery Court of Tennessee*, 188 F.3d 687, 691 (6th Cir. 1999).
[33] *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir.2012).
[34] 5 U.S.C.A. § 704.
[35] *Herr v. U.S. Forest Serv.*, 803 F.3d 809, 818 (6th Cir. 2015).
[36] *Avery v. Dep't of the Army*, No. 14-CV-01077-YGR (PR), 2015 WL 4451591, at *4 (N.D. Cal. July 20, 2015) (citing *Davis v. United States*, 589 F.3d 861, 864 (6th Cir. 2009)).
[37] *Id.* at 865.

Case No. 15-CV-1615
Gwin, J.

### III. Discussion

Plaintiff's claims are untimely and thus barred from this courts review. Plaintiff's right of action first arose when his appeal of the 1992 decision denying his Purple Heart request was denied on June 16, 1999.

Plaintiff's six-year appeal period under 28 U.S.C. 2401(a) ended on June 16, 2005. Therefore, Plaintiff's claim filed nearly ten years later on August 13, 2015 is time barred.

Because Plaintiff's filing is untimely, this Court does not reach the merits of Defendant's motion for summary judgment.

### IV. Conclusion

For the above reasons, the Court **GRANTS** Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: June 27, 2016                  *s/ James S. Gwin*
                                                                                    JAMES S. GWIN
                                                                                    UNITED STATES DISTRICT JUDGE